IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00013-MSK-MJW

MATTHEW BRADLEY,

Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS (AGENCY),
MR. DAVID BERKEBILE, Warden ADX,
MR. NIXON ROBERTS, Dentist/ADX Florence, and
MR. PELTON, Health Services Administrator,

Defendants.

**ORDER ON
DEFENDANT' S MOTION TO STAY
(Docket No. 36)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.

13) issued by Chief Judge Marcia S. Krieger on February 6, 2014.

Now before the court is defendant Dr. Nixon Roberts' Motion to Stay (Docket No.

36).  The court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  Plaintiff did not file a timely

response to the subject motion.  Furthermore, the court notes that it may rule on a

motion at any time after it is filed.  D.C.COLO.LCivR 7.1(d).  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Pro se incarcerated plaintiff Matthew Bradley brings claims implicating the Eighth

Amendment.  Defendants filed a Motion for Summary Judgment (Docket No. 28) on

2

March 10, 2014 and a Motion to Dismiss (Docket No. 35) on March 25, 2014.  Among

the arguments put forth by defendants in their motions is that defendant Dr. Nixon

Roberts is entitled to absolute immunity.  In the subject motion, defendants request that

all proceedings be stayed pending resolution of the motion to dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of immunity is a

threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery

should not be allowed."  Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir.

1992) (same).  However, the defense of immunity "is not a bar to all discovery."  Rome

v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances

when discovery is permissible despite an assertion of immunity, including cases alleging

official-capacity claims, requests for injunctive (as opposed to monetary) relief, and

claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally,

permitting discovery up until the point that qualified immunity is raised may be

appropriate, particularly when the defense is not advanced until the filing of a motion for

summary judgment.  Id. at 643-44.

As stated above, defendants raise absolute immunity as a defense in their

pending motion to dismiss.  The case is still in the early stages of litigation; defendants

responded to plaintiff's operative complaint with the pending motion for summary

judgment and motion to dismiss, both of which could fully dispose of plaintiff's claims

before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to

control its own docket.  See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing

Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Legal questions regarding

the court's subject matter jurisdiction should be resolved as early as possible in the

litigation, before incurring the burdens of discovery.  See Behrens v. Pelletier, 516 U.S.

299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a

dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d

1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the

importance of resolving immunity questions at the earliest possible stage in litigation.'"

(citation omitted)).  Considering the early filing of the motion to dismiss premised in part

on absolute immunity, the court finds that the circumstances evaluated in Rome are

inapplicable to the case at hand.

When considering a stay of discovery in a broader context, this court has

considered the following factors: (1) the plaintiff's interests in proceeding expeditiously

with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on

the defendants; (3) the convenience to the court; (4) the interests of persons not parties

to the civil litigation; and (5) the public interest.  See String Cheese Incident v. Stylus

Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter.  Most significantly, the

court finds that the interest of plaintiff to proceed expeditiously is outweighed by the

burden on defendants of having to participate in discovery while a summary judgment

motion, and motion to dismiss on jurisdictional grounds, are pending.

Furthermore, while the court typically discourages stays of discovery, the court

acknowledges the efficiency and fairness of delaying the proceedings pending

4

resolution of a motion to dismiss that could resolve this matter in its entirety.  See Harris

v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr.

27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being

involved in the 'struggle over the substance of the suit' when, as here, a dispositive

motion is pending.") (citations omitted).  "A stay of discovery pending the determination

of a dispositive motion 'is an eminently logical means to prevent wasting the time and

effort of all concerned, and to make the most efficient use of judicial resources.'"

Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D.

1, 2 (D.D.C. 2001) (citation omitted).  Finally, the court finds that the convenience of the

court, the interests of non-parties, and the public interest do not greatly favor one side.

   **WHEREFORE,** for the foregoing reasons, it is hereby

   **ORDERED** that Defendant's Motion to Stay (Docket No. 36) is **GRANTED.**  This

matter is **STAYED** pending resolution of the pending motion for summary judgment

(Docket No. 28) and motion to dismiss (Docket No. 35).  It is further

   **ORDERED** that the Scheduling Conference set for April 25, 2014 at 9:00 a.m. is

**VACATED**.

Date:  April 21, 2014                    s/ Michael J. Watanabe
          Denver, Colorado               Michael J. Watanabe
                                                   United States Magistrate Judge