IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00013-MSK-MJW

MATTHEW BRADLEY,

Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS (AGENCY),
MR. DAVID BERKEBILE, Warden ADX,
DR. NIXON ROBERTS, Dentist/ADX Florence, and
MR. PELTON, Health Services Administrator,

Defendants.

## RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
## (Docket No. 35)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 13) issued by Chief Judge Marcia S. Krieger on February 6, 2014.

## PLAINTIFF'S ALLEGATIONS

*Pro se* prisoner plaintiff Matthew Bradley is currently incarcerated at ADX Florence. He asserts the following in his Verified Prisoner Complaint (Docket No. 1). Plaintiff alleges that he has been denied timely and adequate dental care for his painful and sensitive teeth. Plaintiff alleges that this has resulted in loss of weight, headaches, pain, and inability to sleep. Plaintiff further alleges that his infection is spreading and a certain number of his teeth need to be extracted.

As to the individual defendants, plaintiff alleges that he told Defendant David

2

Berkebile, the Warden at ADX Florence, of the issues with his teeth.  Plaintiff further alleges that Defendant Dr. Nixon Roberts, the ADX Florence dentist, and Defendant Pelton, the Heath Services Administrator, are aware of plaintiff's condition but have done nothing to rectify it.

Plaintiff brings this action pursuant to 28 U.S.C. § 1343 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff's single claim, brought against defendants in their official and individual capacities, asserts that defendants' deliberative indifference to plaintiff's dental care violated his Eighth Amendment rights.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 35) filed on March 25, 2014.  The court has carefully considered the Verified Prisoner Complaint (Docket No. 1) and the subject motion (Docket No. 35).  Plaintiff filed a response (Docket No. 42) on April 2, 2014.  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  See <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take

two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different

4

rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

Defendants argue that as a Public Health Service ("PHS") official who was acting within the scope of his duties, Defendant Dr. Nixon Roberts is absolutely immune in his individual capacity. Accordingly, defendants argue the claims against him must be dismissed for lack of subject-matter jurisdiction.[1] In his response (Docket No. 42), plaintiff states that he does not oppose the dismissal of Defendant Dr. Nixon Roberts in his individual capacity, but does object to dismissal in his official capacity.

Title 42 U.S.C. § 233(a) "makes the United States the exclusive Defendant for injuries that employees of the Public Health Service cause while acting within the scope of their employment." Lurch v. United States, 719 F.2d 333, 340 n.10 (10th Cir. 1983). See also Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) ("Section 233(a) makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service."); Muhammad v. Sosa, 2008 WL 762253, at *2 (D. Colo. Mar. 19, 2008) (dismissing claims against the defendant after holding that as a commissioned officer with the Public Health Service, the defendant was immune to liability for claims arising under Bivens); Jones v. Berhane, 2007 WL 3054190, at *3 n.6 (D. Kan. Oct. 18, 2007) (holding that a federal inmate could not maintain a Bivens action against prison doctors or certified physicians' assistants for acts or omissions while performing their official duties if they were deemed to be employees of the Public Health

---

[1] Defendants ask to court to dismiss plaintiff's Complaint "in its entirety" as against Defendant Dr. Nixon Roberts. However, defendants provide no support as to why plaintiff's claims against Defendant Dr. Nixon Roberts in his official capacity should be dismissed.

Service).

The Verified Prisoner Complaint (Docket No. 1) does not allege any facts that would suggest that Defendant Dr. Nixon Roberts is not a United States Public Health Service employee or was not acting within the scope of his employment.  Furthermore, in his affidavit (Docket No. 49), Defendant Dr. Nixon Roberts states that he is an United States Public Health Service employee and was acting within the scope of his employment during the relevant times.  Plaintiff does not object to the dismissal of Defendant Dr. Nixon Roberts in his individual capacity.  Accordingly, the court finds that plaintiff's claims against Defendant Dr. Nixon Roberts, in his individual capacity, are properly dismissed from this civil action because the Federal Tort Claims Act is the exclusive remedy.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 35) be **GRANTED** and plaintiff's claims against Defendant Dr. Nixon Roberts, in his individual capacity only, be dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need**

6

**not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 30, 2014                                      s/ Michael J. Watanabe
       Denver, Colorado                              Michael J. Watanabe
                                                     United States Magistrate Judge