**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-00013-MSK-MJW

**MATTHEW BRADLEY,**

      **Plaintiff,**

**v.**

**U.S. FEDERAL BUREAU OF PRISONS, Agency;
MR. DAVID BERKEBILE, Warden ADX;
DR. NIXON ROBERTS, Dentist/ADX Florence; and
MR. PELTON, Health Services Administrator;**

      **Defendants.**

---

**OPINION AND ORDER ADOPTING RECOMMENDATION AND DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

---

      **THIS MATTER** comes before the Court pursuant to the March 24, 2014

Recommendation (**#34**) of the Magistrate Judge that Plaintiff Matthew Bradley's "Motion for

Temporary Restraining Order/ And Or Preliminary Injunction" (**#15**) be denied.  Mr. Bradley

filed timely Objections (**#41**) to the Recommendation.

## I.      BACKGROUND

      Mr. Bradley, a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), asserts

in his *pro se* Complaint (**#1**) that Defendants failed to provide him with timely and/or adequate

dental treatment in violation of his Eighth Amendment rights.[1]  According to Mr. Bradley, "his

teeth are diseased and very painful making him unable to eat, causing him to lose weight and

---

[1] The Court is mindful of Mr. Bradley's *pro se* status, and accordingly, reads his pleadings and
filings liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also
Trackwell v. United States Govt,* 472 F.3d 1242, 1243 (10th Cir. 2007).

have headaches and unable to maintain his health."  He further asserts that the "failure to receive adequate and timely dental treatment is allowing what teeth [he] has to degenerate and pain to worsen and spread, that will eventually require extraction and perhaps further extraordinary invasive treatment."

On February 5, 2014, Mr. Bradley filed a Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion").  The Motion asserts that injunctive relief is necessary to stop infection from spreading to all of Mr. Bradley's teeth.  To that end, Mr. Bradley seeks an injunction directing Defendants to (i) allow Mr. Bradley "to be treated by a dentist whom is not a party hereto or affiliated with defendants for his dental condition" and to follow "the dentist['s] orders and follow up treatments needed"; (ii) "require the treating dentist to write a summary of findings and treatment and what follow up treatment is needed"; (iii) take photographs of Mr. Bradley's "mouth and dental condition before and after treatment"; and (iv) require Defendants to "in the future provide [Mr.] Bradley timely and adequate dental treatment within 48-hours of his request."  The matter was referred to the Magistrate Judge.

The Magistrate Judge's Recommendation found that Mr. Bradley "failed to demonstrate, clearly and unequivocally, that his entitled to preliminary injunctive relief" because he "failed to allege specific facts that demonstrate that he will suffer future injury that is irreparable if no preliminary injunction is issued."  Specifically, the Magistrate Judge concluded that (i) Mr. Bradley's allegations "only implicate something [he] fears may occur at some indefinite time in the future" and (ii) "the spread of infection if certain of his teeth are not extracted [] no longer exists" because Mr. Bradley had several teeth extracted after filing the Motion.

Mr. Bradley filed timely Objections (**#41**) to the Recommendation.

## II.      STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made.  *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir.2005).  A party requesting injunctive relief must clearly establish four elements: (i) the party will suffer irreparable injury unless the injunction issues; (ii) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (iii) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Id.*

Certain types of preliminary injunctions are disfavored and, therefore, require that the movant satisfy a heightened burden of showing that the factors support the issuance of an injunction: those that (i) disturb the status quo, (ii) are mandatory as opposed to prohibitory, or (iii) afford the movant substantially all of the relief that they may recover after a determination of the merits.  *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004).

## III.     ANALYSIS

Mr. Bradley objects to Magistrate Judge's conclusion that he failed to establish irreparable harm sufficient to necessitate injunctive relief. Specifically, although Mr. Bradley

acknowledges that since filing the Complaint he has received dental care—including the extraction of some of his teeth—he objects to the Magistrate Judge's reliance on this fact in concluding that Mr. Bradley had failed to show irreparable harm.[2]  He argues that he will still suffer irreparable harm because "[t]he extraction fails to address [the] infection in [his] gums and large lumps of bone cutting [him] when he attempts to eat."

However, Mr. Bradley's argument fails in two respects.  First, Mr. Bradley has not shown that the infection of his gums "is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Prairie Band of Potowatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)) (emphasis in original).  Second, he has not shown that the care received from an unaffiliated dentist would be different than the care that he is currently receiving. Accordingly, Mr. Bradley has not met his burden of establishing that he will suffer irreparable injury if no preliminary injunction is issued.

---

[2] Mr. Bradley also asserts that he "is not requesting he receive specialist care, only adequate care," in an apparent attempt to distinguish the facts of his case from those in *Tuttamore v. Lappin*, 429 F. App'x 687, 692 (10th Cir. 2011) (unpublished).  Construed liberally, it appears that Mr. Bradley objects to the Magistrate Judge's conclusion that Mr. Bradley must satisfy a heightened burden of showing that the factors support the issuance of an injunction.  However, the crucial fact in *Tuttamore* was that the plaintiff was requesting injunctive relief that was mandatory rather than prohibitory, not that he was requesting to see a specialist.  *See id.*  Here, as in *Tuttamore*, requiring the BOP to provide Mr. Bradley with care from an unaffiliated dentist would amount to a mandatory alteration of the status quo.  Thus, the Magistrate Judge appropriately applied a higher level of scrutiny to Mr. Bradley's request than the already cautious examination normally undertaken when the Court is confronted with a request for injunctive relief.

**IV.    CONCLUSION**

For the forgoing reasons, Mr. Bradley's Objections (**#41**) to the Recommendation are

overruled.  The Court therefore **ADOPTS** the Recommendation and **DENIES** Mr. Bradley's

Motion for Temporary Restraining Order and/or Preliminary Injunction (**#15**).

Dated this 5th day of June, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge