IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00013-MSK-MJW

MATTHEW BRADLEY,

Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS (AGENCY),
MR. DAVID BERKEBILE, Warden ADX,
DR. NIXON ROBERTS, Dentist/ADX Florence, and
MR. PELTON, Health Services Administrator,

Defendants.

**ORDER ON
PARTIAL MOTION TO RECONSIDER RECOMMENDATION ON DEFENDANT
ROBERTS' MOTION TO DISMISS (Docket No. 52)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 13) issued by Chief Judge Marcia S. Krieger on February 6, 2014.

Now before the court is the Partial Motion to Reconsider Recommendation on Defendant Roberts' Motion to Dismiss (Docket No. 52) filed on June 12, 2014. Plaintiff did not file a timely response to the subject motion. On May 30, 2014, the court entered a Recommendation (Docket No. 50) on Defendant Roberts' Motion to Dismiss (Docket No. 35). The court recommended that the motion to dismiss be granted and the claims against Defendant Roberts in his individual capacity be dismissed. The court did not recommend that the official capacity claims be dismissed. In the subject motion (Docket No. 52), Defendant Roberts asks the court to amend its Recommendation (Docket No.

50) to include dismissal of the official capacity claims.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." Id. Defendant Roberts does not argue that there has been an intervening change in the controlling law or that the court should consider new, previously-unavailable evidence. Rather, he argues that there is a need to correct clear error and prevent manifest injustice. The court agrees with Defendant Roberts.

It is well established that the United States is immune from suit unless it has consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980); see also United States v. $30,006.25 in United States Currency, 236 F.3d 610, 613 (10th Cir. 2000) (citing Mitchell, 445 U.S. at 538) (recognizing that a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed"). Thus, federal employees, when sued in their official capacities, are immune from suit unless sovereign immunity has been waived. Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)); see also Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996). As is pertinent here, the United States has not waived its sovereign immunity for constitutional torts. See Hatten v.

3

White, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a Bivens action against the United States or its agents acting in their official capacities).

Accordingly, plaintiff's claims are barred to the extent they seek damages against Defendant Roberts in his official capacity.  The court's Recommendation (Docket No. 50) is amended accordingly.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Partial Motion to Reconsider Recommendation on Defendant Roberts' Motion to Dismiss (Docket No. 52) be **GRANTED**.  It is further

**ORDERED** that the court's May 30, 2014 Recommendation (Docket No. 50) is **AMENDED** to include a recommendation that plaintiff's claims be dismissed to the extent they seek damages against Defendant Roberts in his official capacities.

Date:  July 9, 2014                    s/ Michael J. Watanabe
       Denver, Colorado                Michael J. Watanabe
                                       United States Magistrate Judge