**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-00013-MSK-MJW

**MATTHEW BRADLEY,**

    Plaintiff,

v.

**U.S. FEDERAL BUREAU OF PRISONS,** Agency;
**MR. DAVID BERKEBILE,** Warden ADX;
**DR. NIXON ROBERTS,** Dentist/ADX Florence; and
**MR. PELTON,** Health Services Administrator;

    Defendants.

---

### OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (**#28**), the Plaintiff Matthew Bradley's Response (**#32**), and the Defendants' Reply (**#38**).

### ISSUE PRESENTED

Mr. Bradley is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Administrative Maximum Penitentiary in Florence, Colorado ("ADX Florence"). In his *pro se* Verified Prisoner Complaint (**#1**), Mr. Bradley alleges that the Defendants failed to provide him with timely and adequate dental treatment in violation of his Eighth Amendment rights.[1]

---

[1] The Court is mindful of Mr. Bradley's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007). Because his complaint is verified, the Court treats the Plaintiff's statements as declarations in conjunction with this motion.

The Defendants move for summary judgment, arguing that Mr. Bradley failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## MATERIAL FACTS

Based upon the evidence submitted by the parties, the Court construes all controverted evidence most favorably to Mr. Bradley for purposes of this motion. The basic facts are these, but as needed the Court supplements in conjunction with its analysis.

Mr. Bradley began having dental pain in August 2013. Mr. Bradley's teeth were diseased, caused him headaches and made it difficult for him to eat. When he notified medical personnel at ADX Florence about his dental problems, he was told that he would have to wait for up to a year to receive treatment. Prior to filing this lawsuit, Mr. Bradley submitted a written request for timely treatment to the dental department at ADX Florence, but he did not file the appropriate form necessary to seek an administrative remedy. He contends that he requested the appropriate form from his counselor at ADX Florence who denied his requests.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is

"genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## ANALYSIS

The PLRA requires a prisoner to exhaust available administrative remedies before bringing an action related to prison conditions. Exhaustion of administrative remedies is a "precondition" to filing a lawsuit. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140 (10th Cir. 2005). To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," which are defined "by the prison grievance process itself." *Jones v. Bock,* 549 U.S. 199, 218 (2007). In other words, to fully exhaust the administrative procedure, an inmate must pursue the grievance through all available levels of the process, either by completing all available appeals or by

obtaining the relief sought at any stage. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). Failure to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead and prove. *Jones v. Bock,* 549 U.S. 199, 216 (2007).

However, the PLRA requires only that an inmate exhaust available remedies. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). An inmate's failure to exhaust is excusable if the remedy becomes unavailable because of the action or inaction of prison officials. *See id.* In other words, if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'" *See id.*

Mr. Bradley is in the care and custody of the Bureau of Prisons. BOP inmates must complete a four-tiered administrative remedy process prior to seeking judicial review. *See* 28 C.F.R. § 542.10–19. First, an inmate to seek informal resolution of his grievance with the staff of the institution in which he is incarcerated. *See* 28 C.F.R. § 542.13. Then, if unsatisfied, an inmate must submit a written Administrative Remedy Request to the institution's warden. *See* 28 C.F.R. § 542.14. This written request must be filed within twenty days of the incident that gave rise to the inmate's grievance. *See* 28 C.F.R. § 542.14(a). If unsatisfied, the inmate must appeal to the Regional Director. *See* 28 C.F.R. § 542.15(a). The fourth and final tier of administrative review requires the inmate to appeal the Regional Director's determination to the General Counsel in the Central Office. *See id.* The BOP mandates that an inmate use specified forms when seeking review at the second, third, and fourth tiers of the administrative remedy process. *See* 28 C.F.R. §§ 542.14(a), 542.15(a).

As an affirmative defense, the Defendants assert that Mr. Bradley did not complete this four-tiered administrative remedy process prior to initiating this action, and therefore the action

is barred. They have submitted evidence establishing that Mr. Bradley did not file a written Administrative Remedy Request complaining of dental pain before filing this action.

Mr. Bradley concedes that he did not file a written Administrative Remedy Request addressing his dental problems. However, he argues that he was unable to do so because prison officials at ADX Florence refused to provide the forms required by the BOP's procedural rules. Mr. Bradley states that he requested the required form, but his counselor refused to supply provide it because Mr. Bradley had other issues pending in the administrate remedy process.[2]

The burden is on the Defendants to establish that the administrative process was available to Mr. Bradley and that he failed to use it. The Defendants concede that without the required forms, Mr. Bradley could not properly exhaust the administrative remedy process. Declarations from two inmates state that they witnessed ADX Florence staff members refuse Mr. Bradley's requests for the required forms.

---

[2] Apparently, Mr. Bradley had another grievance for which he completed the second and third tier of the administrative remedy process.

The Defendants argue that such statements are not credible, but at this juncture, the Court does not make credibility determinations. Instead, viewing the evidence submitted in the light most favorable to Mr. Bradley, the Court finds a genuine issue of material fact as to whether the administrative process was available to Mr. Bradley. Accordingly, summary judgment on the Defendants' affirmative defense as requested in their Motion for Summary Judgment (**#28**) is **DENIED**. The parties shall contact the Magistrate Judge to schedule a scheduling conference or to receive further instructions regarding this case.

Dated this 3rd day of November, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge