IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00013-MSK-MJW

MATTHEW BRADLEY,

Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS (AGENCY),
MR. DAVID BERKEBILE, Warden ADX,
MR. NIXON ROBERTS, Dentist/ADX Florence, and
MR. PELTON, Health Services Administrator,

Defendants.

**REPORT & RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
**(Docket No. 57)**

**and**

**ORDER ON DEFENDANTS' MOTION TO STAY**
**(Docket No. 60)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

On November 18, 2014, most[1] of the Defendants in this action moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 57.) Chief Judge Marcia S. Krieger referred the motion to me. (Docket No. 59.) On

---

[1] Defendant Roberts does not join in the motion, because the moving Defendants believe that Roberts has already been dismissed from the case in full. (Docket No. 57, at 1 & n.1.) This is not quite true: all individual-capacity claims against Defendant Roberts have been dismissed, as have official-capacity claims seeking money damages. (Docket Nos. 50, 54 & 55.) Neither of Roberts' motions request that official-capacity claims for declaratory or injunctive relief be dismissed (*see* Docket Nos. 35, 52), and the Court's orders do not address the topic (*see* Docket Nos. 50, 54 & 55). Plaintiff has asserted such claims, and at the present moment they remain part of the case against all Defendants, including Roberts.

December 4, 2014, those same Defendants moved to stay discovery, and Chief Judge Krieger referred that motion to me as well. (Docket Nos. 60 & 61.)

Plaintiff's response to the Motion to Dismiss was due on December 9, 2014, per D.C.Colo.LCivR. 7.1(d), and would have been deemed timely filed if received by the Clerk of Court by December 12, 2014, per Fed.R.Civ.P. 6(d). On December 15, 2014, having received no response to Defendants' motion to dismiss, I entered a minute order extending the deadline and directing Plaintiff to file a response on or before January 5, 2015. (Docket No. 62.) That order included the following notice:

> Plaintiff is warned that failure to comply with this order will result in the granting of Defendant's motion, the dismissal of this case for lack of prosecution and failure to comply with court orders, or both.

(*Id.*) The Court's CM/ECF system shows that the order was mailed to Plaintiff at his address of record. (*Id.*)

As of the date of this Order—January 15, 2015—the Court has not received any response to Defendants' motion to dismiss. I find, therefore, that Plaintiff has confessed the motion. Accordingly, the moving defendants should be dismissed under Fed. R. Civ. P. 12(b)(1) & (6).[2]

---

[2] Moreover, I have reviewed the motion and I find it to be well-founded. Plaintiff's Verified Complaint alleges that the prison in which Plaintiff is incarcerated has denied him adequate dental care, in violation of the Eighth Amendment. (Docket No. 1, at 5–8.) But the facts alleged in the Complaint fail to plausibly allege the subjective component of a deliberate-indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

Plaintiff alleges that he has been having severe dental pain since August 2013 (Docket No. 1, at 5), that Defendants are aware of Plaintiff's condition (*id.* at 7–8), and that the only response has been to put Plaintiff on a waiting list for dental care (*id.* at 6).

3

Further, as alternative support for this recommendation, I find that Plaintiff has failed to comply with an Order of this Court (Docket No. 62) and has failed to prosecute his case.  Because qualified immunity is at stake, the prejudice to Defendants from this delay is substantial.  (*See* Docket No. 57, at 9–11.)  Further, Plaintiff has not provided any indication of the cause for his noncompliance, and indeed has not filed anything in this case in over eight months (*see* Docket No. 48 (last filing by Plaintiff, filed April 24, 2014)), and Plaintiff has been warned that his failure to file a response might lead to dismissal (Docket No. 62).  Finally, no sanction short of dismissal appears efficacious.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (legal standard for dismissal as a sanction).  The case should therefore be dismissed in its entirety under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 41(b).

As to Defendants' Motion to Stay (Docket No. 60), Plaintiff's response would have been due on December 26, 2014, and deemed timely if filed by December 29, 2014.  D.C.Colo.LCivR. 7.1(d); Fed.R.Civ.P. 6(d).  However, in the same order in which I gave Plaintiff additional time to respond to Defendants' motion to dismiss, I also gave Plaintiff until January 5, 2014, to file a response Defendant's motion to stay.  (Docket No. 62.)  Plaintiff has likewise failed to file any response and as a result has confessed

---

But there are no allegations from which the Court might infer that Defendants' responses have been unreasonable or reckless in light of the facts known to them.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (allegations must plausibly suggest facts that would create liability).  Plaintiff alleges only that he has told the Warden about his dental needs and that the remaining Defendants "are aware of [his] condition."  Without more, the Verified Complaint's allegations do not support any inference that Defendants acted recklessly or unreasonably by placing Plaintiff on the waiting list.  The Complaint therefore does not state a claim—as all types of relief and as to all Defendants, including Roberts.

4

the motion. The Motion to Stay (Docket No. 60) is hereby **GRANTED**; discovery and all other proceedings are **STAYED** until Chief Judge Krieger acts on my recommendation as to Defendants' motion to dismiss (Docket No. 57).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 57) be **GRANTED** and that this case be dismissed with prejudice as to all Defendants; and

**ORDERED** that Defendants' Motion to Stay (Docket No. 60) is **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 15, 2015        s/ Michael J. Watanabe
      Denver, Colorado        Michael J. Watanabe
                                      United States Magistrate Judge